IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTONIO VENTURA,

    Petitioner,                        No. CIV S-09-1873 MCE KJN (TEMP) P

    vs.

D.K. SISTO, et al.,

    Respondents.                    FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a California prisoner proceeding with a petition for a writ of habeas corpus under 28 U.S.C. § 2254. He challenges a 2007 denial of parole. Petitioner asserts he was denied his Fourteenth Amendment right to due process and his right to due process arising under the California Constitution because the decision to deny him parole in 2007 is not supported by sufficient evidence.

        The United States Supreme Court recently found in <u>Swarthout v. Cooke</u>, No. 10-333, 2011 WL 197627 (S. Ct., January 24, 2011), that prisoners being considered for parole under California law have a right arising under the Due Process Clause of the Fourteenth Amendment to be heard at their parole proceedings and a right to be provided with a statement of reasons for denial of parole. <u>Id</u>. at *2. The Court specifically rejected the notion that there can be a valid claim under the Fourteenth Amendment for insufficiency of evidence presented at a

1

1  parole proceeding. Id. at *3.

2        Because petitioner fails to allege he was denied any of the process due under the
3  Fourteenth Amendment at his 2007 parole hearing, his claim arising under federal law must be
4  denied.

5        As for petitioner's state law claim, relief is simply unavailable as the court cannot
6  entertain a claim brought under 28 U.S.C. § 2254 unless it concerns a violation of federal law.
7  See 28 U.S.C. § 2254(a) (Federal courts shall "entertain an application for a writ of habeas
8  corpus in behalf of a person in custody pursuant to the judgment of a state court only on the
9  ground that he is in custody in violation of the Constitution or laws or treaties of the United
10 States.").

11       For theses reasons, petitioner's application for writ of habeas corpus should be
12 denied.

13       Accordingly, IT IS HEREBY RECOMMENDED that:

14       1. Petitioner's application for writ of habeas corpus be denied; and

15       2. This case be closed.

16       These findings and recommendations are submitted to the United States District
17 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-
18 one days after being served with these findings and recommendations, any party may file written
19 objections with the court and serve a copy on all parties.  Such a document should be captioned
20 "Objections to Magistrate Judge's Findings and Recommendations."  If petitioner files
21 objections, he shall also address whether a certificate of appealability should issue and, if so, why
22 and as to which issues.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if
23 the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. §
24 2253(c)(3).  Any response to the objections shall be filed and served within fourteen days after
25 service of the objections.  The parties are advised that failure to file objections within the
26 ////

specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 27, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

vent1873.157